FRED SCHNEIDER, Plaintiff, *v.* VICTOR WELTZ et al., Defendants.

City Court of the City of New York, Trial Term, Queens County, February 28, 1950.

*John Baehr* for plaintiff.

*Robert E. Barnes* for defendants.

CONROY, J. This action was tried before the court without a jury. The action was brought by the plaintiff against the defendants to recover damages for being fraudulently dispossessed, from housing accommodations owned by the defendants. The complaint contains two causes of action. The first cause of action seeks damages pursuant to section 1444-a of the Civil Practice Act. The second cause of action seeks damages by reason of common-law fraud practiced by the defendants on the plaintiff.

Prior to July 15, 1947, the plaintiff was a monthly tenant of an apartment consisting of three rooms and bath in a two-family dwelling house owned by the defendants. On or about April 29, 1948, the defendants filed an application with the Temporary City Housing Rent Commission of the City of New York for removal of the plaintiff from the said apartment on the ground that the defendants sought in good faith to recover possession of the plaintiff's apartment for their own immediate and personal use. Thereafter the commission granted the application of the defendants and issued a certificate authorizing the defendants to institute proceedings for the recovery of the said apartment. On the 12th day of August, 1948, the defendants served a thirty-day notice upon the plaintiff terminating the tenancy of the plaintiff and demanding the plaintiff remove from the said apartment and surrender possession of same. This notice was served upon the plaintiff. Thereafter the plaintiff removed from said apartment and surrendered possession to the defendants on or about the 15th day of October, 1948. No precept in summary proceedings was ever issued and served on the plaintiff. Thereafter the defendants took possession of said second floor apartment and occupied this entire two-family house for a period of about seven months. The defendants made certain changes in the house so there would be

access to the second floor apartment from the first floor apartment. This house had originally been a one-family house and had been converted into a two-family house. After the occupancy by the defendants of the entire house for a period of seven months the defendants rented out one bedroom on this second floor with the privilege of using the stove in the kitchen and the bathroom. The room was rented as a furnished room.

On the authority of *Sno-Wite, Inc.,* v. *Gerald Operating Corp.* (271 App. Div. 314) the plaintiff contends that the service of the thirty-day notice and his subsequent removal from the premises brings him within the provisions of section 1444-a of the Civil Practice Act. The Civil Practice Act, in the section above named, provides: '' Where a tenant has been removed from any housing accommodations by action or proceeding to evict or recover possession, whether or not instituted after the granting of a certificate by a federal, state or municipal agency having jurisdiction in the premises * * *.'' In *Sno-Wite, Inc.,* v. *Gerald Operating Corp. (supra),* the court held in that case specifically that it was the service of the precept and verified petition instituting the proceeding that gave the tenant the option to treat the landlord's action as an eviction. The plaintiff claims now that the service of the thirty-day notice should operate the same as the issuance of the precept. The court does not feel that this remedy should be extended any further and to hold that the proceedings were instituted by the obtaining of a certificate and the service of a thirty-day notice.

In *Kauffman & Sons Saddlery Co.* v. *Miller* (298 N. Y. 38) where the Court of Appeals passed on a similar remedy affecting commercial property, the court held (p. 42) '' The statute allows the tenant damages if the landlord, having regained possession, either fails to occupy or carry on his business within thirty days or relets the space to third persons within a year. Does it thereby impose upon the landlord an absolute and inexorable liability — irrespective of good or bad faith — if he disregards the restrictions placed on his use of the vacated space? '' Again the court said (p. 44): '' Neither the reason of the statute nor the dictates of good sense and common fairness, however, point the conclusion that the landlord was to be liable, absolutely and inescapably, if he rerented the vacated space within a year. At most, his breach of one or another of the conditions specified casts doubt upon his assertion that he had initially acted in good faith.'' Again (p. 44): '' We find no such unreasonable and impossible choice dictated by the

scheme of the statute and reject an interpretation of its words which would so clearly offend against common sense. Where the language of a statute is susceptible of two constructions, the courts will adopt that which avoids injustice, hardship, constitutional doubts or other objectionable results." Summarizing, the court said further (p. 45): "By permitting a tenant a cause of action only against a landlord who had not acted in good faith, the Legislature has accorded adequate protection to tenant and to public without visiting upon the landlord unfair and oppressive consequences. By reading the provision in this reasonable manner, the design of the statute is effectuated without working injustice upon any one."

From all the evidence in the case I find that at the time of the making of the application for the certificate from the housing commission and at the time of the service of the thirty-day notice, the landlords, the defendants herein, were acting entirely in good faith and that there was an immediate necessity for their securing additional space to accommodate the members of their immediate family. I find that the plaintiff has failed to prove that there was any bad faith on the part of the defendants in this case and find that the defendants are entitled to judgment dismissing the complaint on the merits. The clerk is directed to enter judgment for the defendants dismissing the complaint herein on the merits. Should the parties desire any additional findings they may submit the same within five days from the date hereof, otherwise this opinion shall be considered as including all the findings necessary herein.